OKLAHOMA EMPLOYMENT SECURITY COMMISSION — CENTRAL PURCHASING ACT The Oklahoma Employment Security Commission is not required to utilize the provisions of the Oklahoma Central Purchasing Act in paying the premiums authorized pursuant to 74 O.S. 1314.1 [74-1314.1] (1971) on an existing hospitalization and medical insurance contract between employees of the Commission and the insurance company. In amending existing group life and disability contracts of insurance between the Commission and certain insurance companies to provide for expanded coverage and benefits for Commission employees, said Commission is not required to utilize the provisions of the Oklahoma Central Purchasing Act. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions: 1. In paying a portion of the premiums on an existing contract of insurance between employees of the Oklahoma Employment Security Commission and the insurance company wherein hospital and medical benefits are provided to the employees, is said Commission required to comply with the provisions of the Oklahoma Central Purchasing Act? 2. In amending existing contracts of insurance between the Commission and certain insurance companies providing disability and life insurance benefits for Commission employees, said amendments to expand the coverage and benefits, is the Commission required to comply with the provisions of the Oklahoma Central Purchasing Act? In your request you relate that while the Commission has not been providing hospitalization and medical benefits to its employees, it has handled through authorized payroll deductions the payments of premiums for said employees on a contract of insurance entered into between the employees, as a group, and the same insurance company for over thirty years. You also relate that the Commission would not become a party to said contract but would be voluntarily paying a portion of the premiums as authorized by 74 O.S. 1314.1 [74-1314.1] (1971), and 40 O.S. 223 [40-223] (1971). The Oklahoma Central Purchasing Act in 74 O.S. 85.4 [74-85.4] (1974), provides in pertinent part: "From and after the effective date of this act, except as provided in Section 85.12 of this title, every state agency shall acquire all contractual services, supplies, equipment or materials used, consumed or spent by such agency in the performance of its official functions by the presentation of requisitions for such services, supplies, materials or equipment to the Purchasing Division established hereunder and no such items or service shall be acquired by any state agency for such use except by the presentation of such requisition and receipt of the items or service so requisitioned through the Purchasing Division. . . ." Section 74 O.S. 85.12 [74-85.12] of the act provided in part: "The following acquisitions shall not be included within the purview of this act: "4. Acquisitions by agencies out of funds derived from sources other than state collected funds." Based upon this provision the Oklahoma Employment Security Com mission has not been required to utilize the provisions of said act because of complete agency funding from federal moneys. In 1974 the Oklahoma Legislature amended Section 74 O.S. 85.12 [74-85.12] and removed the exemption provided in numbered paragraph 4 above. To determine if the Commission must now comply with the Central Purchasing Act in paying a portion of the insurance premiums, we must examine other pertinent statutes. Original authority for the Commission to provide for insurance was found in 11 O.S. 16 [11-16] (1961), which stated in part: "Counties, cities, and towns in the State of Oklahoma, and all departments, agencies, and institutions of the State of Oklahoma may provide hospital and medical benefits, accident, health, and life insurance, or any of the aforesaid, in any company authorized to do business in the State of Oklahoma, for any or all of its officers or employees, . . . " In 1967 the "State Employees Group Health and Life Insurance Act" was enacted providing for health and life insurance for state employees One section of the act, 74 O.S. 1314 [74-1314] (1971), provides: "The provisions of the State Employees Group Health and Life Insurance Act, 74 O.S. 1301 [74-1301] through 74 O.S. 1316 [74-1316], Title 74 of the Oklahoma Statutes, shall not apply to the employees and officers of the Oklahoma Employment Security Commission nor to the Oklahoma State System of Higher Education nor to the Commissioners of the State Highway Department nor to any member of an administrative board or commission of any agency, board, authority or commission of the State of Oklahoma unless such member is a full-time salaried employee; provided, however, that said Oklahoma Employment Security Commission and any state institution of higher education may elect to come under the provisions of said act." In 1971 the Legislature amended Section 16 of Title 11, deleting any reference to state agencies. In addition, Section 2 of the 1971 amending act created 74 O.S. 1314.1 [74-1314.1] (1971) which states: "The Oklahoma Employment Security Commission and the Oklahoma State System of Higher Education have provided and may continue to provide hospital and medical benefits, accident, health, and life insurance, or any of the aforesaid, in any company authorized to do business in the State of Oklahoma, for any or all of its officers or employees, and said Commission and the Oklahoma State System of Higher Education may pay a portion or all of said premiums from any of the Commission's or the Oklahoma State System of Higher Education's general funds, and may deduct from the wages or salary of any such officer or employee, upon written authority signed by the officer or employee, amounts for the payment of all or any portion of the monthly premium for same." Title 40 O.S. 223 [40-223](a) (1971) provides in part: ". . . All moneys in this fund which are received from the Federal government or any agency thereof or which are appropriated by this state for the purposes described in Section 13 of this Act, shall be expended by the Commission solely for the purposes and in the amounts found necessary by the Social Security Board for the proper and efficient administration of this Act. . . ." You advise in your request that the Commission has been directed and authorized as provided by Section 40 O.S. 223 [40-223](a) to expend monies to pay for a portion of the premiums on the hospitalization and health insurance policy and to amend the disability and group life insurance policies to provide for additional coverage and benefits. It is apparent that the Legislature intends for the Oklahoma Employment Security Commission to continue to have authority to provide insurance for its officers and employees. In granting said authority the Legislature did not necessarily preclude the operation of the Oklahoma Central Purchasing Act in the purchase of the insurance. Section 74 O.S. 85.2 [74-85.2] of said act defines those purchases covered and includes the following: "(4) The terms 'materials' and 'supplies' include all property except real property acquired by a state agency for its use or consumption, except equipment; "(5) 'Equipment' means all personal property acquired by a state agency for its use which is in the nature of a tool, device or machine and shall be deemed to include all personal property used or consumed by a state agency and not included within the category of materials and supplies; "(7) The terms 'services' and 'contractual services' shall include any type of personal or professional service, employment or under taking, including such services as utilities, pest control, maintenance and repairs, except the employment of regular officers and employees by a state agency or such extra seasonal help as is authorized by law and is regularly used; . . . " The Attorney General in Opinion No. 64-148, in answer to an inquiry as to whether or not the purchase of insurance policies by state agencies is governed by the Central Purchasing Act stated: ". . . The term 'contractual services,' as that phrase is used in the Act, is defined at 74 O.S. 85.2 [74-85.2](7) (1961). This section provides, in relevant part, as follows: 'The terms "services" and "contractual services" shall include any type of personal or professional service, employment or undertaking, * * *.' "The use of the word 'undertaking' imparts a very broad definition to the phrase 'contractual services.' As stated in 90 C.J.S., p. 1031: 'Undertaking. A very comprehensive and sweeping term * * *. In a sense, it is * * * any business, work, or project which a person engages in * * *.' "We are therefore of the opinion that the phrase 'contractual services,' as defined in the Central Purchasing Act, must be construed to include the acquisition of insurance. The provisions of the Central Purchasing Act are, therefore, applicable in said acquisition." It is apparent that under Sections 74 O.S. 85.2 [74-85.2] and 74 O.S. 85.4 [74-85.4] (1971), the required use of the Central Purchasing Act to purchase insurance contemplates the state agency being a contracting party to a policy wherein services are provided for the benefit and use of the agency in the performance of its official functions. Under the facts you present, the Oklahoma Employment Security Commission would not be a contracting party to the hospitalization and medical insurance policy, nor would the services resulting thereunder be for the benefit or use of the Commission in the performance of its official function, said services running to the employees as the contracting party with the insurance company. In addition, while 74 O.S. 1314.1 [74-1314.1] (1971) authorizes the Commission to provide hospital and medical benefits for its officers and employees, said provision does not require the Commission to be the contracting party with the insurance company and allows the commission to pay a portion or all of the premiums. As to your second question, you relate that the Commission is currently providing group life insurance benefits to its employees through two policies with two different insurance companies and certain disability benefits to the employees through a third insurance policy with one of the insurance companies. You state that the Commission desires to expand the benefits and coverage provided by said policies by amendment of the disability contract and either amendment of the two group life policies or cancellation of one of the group life contracts and amendment of the remaining contract. You also state that the group life and disability contracts were entered into years prior to the 1974 amendment to Section 74 O.S. 85.12 [74-85.12] of the Central Purchasing Act removing the exemption provided in numbered paragraph 4 of said section. Article I, 10, of the Constitution of the United States and the Fifth Amendment thereto, respectively provide, in part: "No State shall . . . pass any . . . law impairing the obligation of contracts. . . ." "No person shall . . . be deprived of life, liberty, or property, without due process of law. . . ." Article II, Section 7, and Article II, Section15, Oklahoma Constitution, respectively provide, in part: "No person shall be deprived of life, liberty, or property, without due process of law." "No . . . law impairing the obligation of contracts, shall ever be passed . . . . " The constitutional inhibitions against impairment of contract are applicable to contracts of state as fully as to those between individuals, Fortinberry Co. v. Blundell, 206 Okla. 261, 242 P.2d 427. Since the contracts in question were entered into before the repeal of Section 85.12(4), the effect of that enactment cannot be to impair said contracts. Requiring said amendments to be made pursuant to the provisions of the Central Purchasing Act, including competitive bidding would result in the negation of the contracts if any other insurance companies submitted a lower bid. The letting of the amendments themselves would not constitute contracts and they could not, therefore, be let at bid without a submission of the entire contract. Such a requirement would be violative of Article II, Section 15 of the Oklahoma Constitution. It is apparent that in regard to contracts entered into pursuant to legal authority providing exemption from the Central Purchasing Act, amendments to the contracts are not subject to said act even though the statutory exemption has been repealed. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: The Oklahoma Employment Security Commission is not required to utilize the provisions of the Oklahoma Central Purchasing Act in paying the premiums authorized pursuant to 74 O.S. 1314.1 [74-1314.1] (1971) on an existing hospitalization and medical insurance contract between employees of the Commission and the insurance company. In amending existing group life and disability contracts of insurance between the Commission and certain insurance companies to provide for expanded coverage and benefits for Commission employees, said Commission is not required to utilize the provisions of the Oklahoma Central Purchasing Act. (Mike D. Martin)